UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SEDRICK SIMMS (#533144)**                                           **CIVIL ACTION**

**VERSUS**

**22-1023-BAJ-SDJ**

**ROGER YOUNG, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 23, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SEDRICK SIMMS (#533144)**                                **CIVIL ACTION**

**VERSUS**

**ROGER YOUNG, ET AL.**                                    **22-1023-BAJ-SDJ**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of Defendants Roger Young and Logan Robichaux (R. Doc. 32). The Motion is not opposed.

The *pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, filed this proceeding against the aforementioned Defendants and Mental Health, complaining that his constitutional rights were violated due to the use of excessive force and failure to protect him from the same. He seeks monetary and injunctive relief.

### Official Capacity Claims

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's § 1983 claims against them in their official capacities. In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, any of Plaintiff's § 1983 claims

asserted against Defendants in their official capacities for monetary damages are subject to dismissal.

### Individual Capacity Claims

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro*

*se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding this, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

## Plaintiff's Allegations

In his Complaint, as amended, Plaintiff alleges the following: On December 14, 2021, Plaintiff was on mental health watch and cut himself. Defendant Robichaux responded to a beeper activation, and Plaintiff was placed in a shower cell. Before being returned to his cell, Plaintiff asked to see a social worker. Plaintiff was then, without reason, sprayed by Defendant Robichaux with 202 grams of a chemical agent. Defendant Young was present and failed to intervene, allowing Defendant Robichaux to spray Plaintiff with a chemical agent.

## Qualified Immunity

Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id*. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional

right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the Motion to Dismiss should be granted, in part. Additionally, Plaintiff's claims against Defendant Mental Health should be dismissed.

### Excessive Force

With regards to Plaintiff's claim that Defendant Robichaux utilized excessive force, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding this, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived

need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant matter, accepting as true all of the factual allegations contained in the Complaint, as amended, Plaintiff's allegations are sufficient to state a claim upon which relief can be granted against Defendant Robichaux for excessive use of force. Plaintiff alleges that he was sprayed with a chemical agent by Defendant Robichaux without reason. Plaintiff alleges that his self-harm had ceased, and he was merely requesting to see a social worker due to the state of his mental health when he was sprayed with a chemical agent by Defendant Robichaux. As such, the Motion to Dismiss should be denied in this regard.

Additionally, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. *See Whitley v. Hanna,* 726 F.3d 631, 646 (5th Cir.2013) *citing Hale v. Townley,* 45 F.3d 914, 916 (5th Cir.1995). An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995). In this regard, Plaintiff has not alleged that Defendant Young had a reasonable opportunity to prevent the harm caused by Defendant Robichaux and chose not to act. Plaintiff makes no factual allegations regarding the time between which it became apparent that he was going to be sprayed with a chemical agent and when the chemical agent was administered. He only alleges that Defendant Young was present. Plaintiff should be granted leave to amend his Complaint in this regard.

**Compensatory Damages**

The Court notes that Plaintiff has failed to plead any factual allegations that he suffered a physical injury. Rather, Plaintiff asserts in a conclusory fashion that he was physically harmed. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Plaintiff should be granted leave to amend in this regard.

**Juridical Person**

Section 1983 only imposes liability on a "person" who violates another's constitutional rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a person or entity can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

In the instant matter, Plaintiff has named "Mental Health" as a defendant. However, a department within a prison facility is not a "person: under § 1983. *See Brewin v. St. Tammany Parish Correctional Center,* 2009 WL 1491179 (W.D. La., May 26, 2009). As such, Plaintiff fails to state a claim against "Mental Health."

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the Motion to Dismiss (R. Doc. 32) should be granted in part, dismissing Plaintiff's claims for monetary damages asserted against Defendants in their official capacities, and Plaintiff's claims against Defendant Mental Health in their entirety. It is further recommended that, in all other regards, the Motion be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein. It is further

recommended that Plaintiff be given 21 days to amend his Complaint to allege facts showing that Defendant Young had a reasonable opportunity to prevent the harm caused by Defendant Robichaux and chose not to act, and as to physical injuries sustained, if any, due to the alleged use of excessive force by Defendant Robichaux.

 Signed in Baton Rouge, Louisiana, on September 23, 2024.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**